UNITED STATES ex rel. RODRIGUEZ v. BOWYER. 121

D. C.]                              Syllabus.

---

# UNITED STATES ex rel. RODRIGUEZ v. BOWYER.

MANDAMUS; CIVIL SERVICE; BOARD OF LABOR EMPLOYMENT; PORTO RICO.

1. The members of the United States Board of Labor Employment at the United States Navy Yard in the city of Washington are ministerial officers, and their duty to register an applicant for employment does not cease to be ministerial because they rest their refusal of registration on the determination of a pure question of law involving the ascertainment of no fact whatever. (Following *Roberts* v. *United States*, 13 App. D. C. 38, 176 U. S. 221, 44 L. ed. 443, 20 Sup. Ct. Rep. 376.)

2. Mandamus will lie to compel the members of the Board of Labor Employment at the United States Navy Yard in the city of Washington to register an applicant for examination for employment as mechanic or laborer, where they rest their refusal solely upon the ground that the applicant is not a citizen of the United States, although a resident of Porto Rico and owing allegiance as such to the United States, Rule

122     UNITED STATES ex rel. RODRIGUEZ v. BOWYER.

Statement of the Case.                    [25 App.

V, of the Civil Service Commission, promulgated by the President April 15, 1903, which modifies previous regulations of the Navy Department, providing that "no person shall be admitted to examination unless he be a citizen of or owe allegiance to the United States," and that "an applicant who claims United States citizenship by virtue of residence in Porto Rico, and who shows birth or naturalization in Porto Rico, will not be required to show further evidence of citizenship."

3. The fact that the petitioner in such a case may possibly not hereafter receive any substantial benefit from his registration is not sufficient reason for denying him the remedy sought. (Distinguishing *United States ex rel. Brown* v. *Root*, 18 App. D. C. 239; and *United States ex rel. Edwards* v. *Root*, 22 App. D. C. 419.)

No. 1504. Submitted February 8, 1905. Decided March 7, 1905.

HEARING on an appeal by the relator from an order of the Supreme Court of the District of Columbia, dismissing a petition for the writ of mandamus.                    *Reversed.*

The COURT in the opinion stated the case as follows:

This is an appeal from an order dismissing a petition for a writ of mandamus filed on behalf of the relator, Juan Rodriguez, against John M. Bowyer and others, constituting the Board of Labor Employment at the United States Navy Yard in the city of Washington.

It appears from the petition and return and an agreed statement of facts that petitioner was born in Porto Rico on December 6, 1884; that he remained therein until after the ratification of the treaty of Paris and the passage of the Foraker act, and became and is a "citizen of Porto Rico." He came to the District of Columbia, and on February 16, 1904, made application to the Board of Labor Employment for admission to examination and registration under the regulation providing that no person shall be given employment as a mechanic or laborer until he registers. Among other qualifications required by the regulation is one that the applicant shall be a citizen of the United States. It is unnecessary to state the other qualifications relating to capacity and so forth, for it is admitted that

the board found that they were possessed by the petitioner, and denied registration on the sole ground that the petitioner, though a citizen of Porto Rico and owing allegiance as such to the United States, was not, under the Constitution and laws of the United States, a citizen of the latter.

*Mr. Federico Degetau* and *Mr. Jean F. P. Des Garennes* for the appellant.

*Morgan H. Beach,* United States Attorney for the District of Columbia; *Mr. Jesse C. Adkins,* Assistant; *Mr. William R. Harr,* Special Assistant to the Attorney General; and *Mr. William J. Hughes* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

The Board of Labor Employment are ministerial officers, and their duty in the premises did not cease to be ministerial because they rested their refusal of registration on the determination of a pure question of law involving the ascertainment of no fact whatever. *Roberts* v. *United States,* 13 App. D. C. 38, 46, 176 U. S. 221, 231, 44 L. ed. 443, 447, 20 Sup. Ct. Rep. 376.

We do not find it necessary to enter upon the inquiry whether the petitioner, at the time of making his application for registration, was a citizen of the United States and entitled to all of the civil rights and immunities pertaining to such citizenship, because we are of the opinion that the regulation of the Navy Department, made in 1896, has been modified by regulations and rules of the civil service of the United States since made by order of the President. The original Navy Yard rules and regulations were adaptations of the principles of the civil service, though not then subject to the jurisdiction of the Civil Service Commission. 20th Rep. C. S. Com. pp. 100, 101. They were, however, brought under the surpervision of the Commission by order of President Cleveland on November 2, 1896, 13th Rep. C. S. Com., p. 151.

No modification of the rule requiring an applicant for registration to be a citizen of the United States was suggested by

any conditions existing prior to the treaty of Paris. New conditions arising thereafter were met by additional civil service rules promulgated by President Roosevelt on April 15, 1903. Of these, Rule V. provides that "no person shall be admitted to examination unless he be a citizen of or owe allegiance to the United States." And thereunder it is provided that "an applicant who claims United States citizenship by virtue of residence in Porto Rico, and who shows birth or naturalization in Porto Rico, will not be required to show further evidence of citizenship." 20th Rep. C. S. Com. p. 48.

Since that time, as shown in the same report (p. 16), seventy-eight residents of Porto Rico have received appointments in the general service of the United States, eleven of these being in the service in the city of Washington.

The Board of Labor Employment having admitted that the petitioner was a native of Porto Rico, owing allegiance to the United States, and that he possessed all of the qualifications required by the remaining regulations, it is their plain duty to admit him to registration in accordance with his application.

That the petitioner may possibly not hereafter receive any substantial benefit from his registration is not a sufficient reason for denying him the remedy sought. The conditions of the case distinguish it from those of *United States ex rel. Brown* v. *Root,* 18 App. D. C. 239; *United States ex rel. Edwards* v. *Root,* 22 App. D. C. 419, upon which the respondents rely.

The order dismissing the petition will be reversed, with costs, and the cause remanded, with directions to issue the writ as prayed. It is so ordered.                          *Reversed.*